UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DISTRICT COUNCIL OF NEW YORK
CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA,

       Petitioner,

– against –

SOUTH ISAND INSTALLERS, INC.,

       Respondent.

**OPINION & ORDER**

23-cv-05014 (ER)

Ramos, D.J.:

  Petitioner filed this action pursuant to Section 301(c) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(c), to confirm an arbitration award against South Island Installers, Inc. The petition is GRANTED.

## I. BACKGROUND

  The facts below are taken from the petition to confirm arbitration and the attached documents. Doc. 1.

### A. The Parties

  Petitioner District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("District Council") is a labor organization within the meaning of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5). *Id.* ¶ 1. Petitioner asserts that Respondent South Island Installers, Inc. ("South Island") is an employer within the meaning of the LMRA, 29 U.S.C. § 152(2). *Id.* ¶ 2.

### B. The Collective Bargaining Agreement

  At all relevant times, South Island was a member of the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. ("WCC") and was bound to the collective bargaining agreement between WCC and District Council ("CBA"). *Id.* ¶ 5.

The CBA provides for final and binding arbitration of disputes that arise between the parties, names Richard Adelman as an arbitrator to hear disputes, provides that the arbitrator shall have the right to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration, and shall have the power to render a decision based on the testimony before him at such hearing. *Id.* ¶ 6. The CBA further provides that the cost of the arbitration, including the arbitrator's fee, shall be borne equally by the Employer and the Union, and provides that upon the confirmation of the arbitrator's award, or on appeal therefrom, the prevailing party shall be entitled to receive all court costs in each proceeding as well as reasonable attorney fees. *Id.* ¶ 6.

### C. The Arbitration Award

Disputes arose between the parties regarding South Island's CBA violations, including: (1) failure to timely issue a check for wages to Carpenter Enrico Palucci for work he performed at 299 Park Avenue, New York; (2) failure to notify District Council of the start of a job at 1155 6th Avenue, New York; (3) failure to notify District Council of the start of a job at 611 5th Avenue, New York; and (4) failure to request a shop steward for the job at 611 5th Avenue, New York. Doc. 13 at 3. The disputes were not resolved at the grievance stage. *Id.* District Council moved for arbitration. *Id.* ¶ 7.

Upon due notice to all parties, Arbitrator Richard Adelman held a hearing on May 10, 2023. *Id.* ¶ 8; *see* Doc. 1-2 at 2-3; *see also* Doc. 1-3 at 2–5. South Island did not appear at the hearing. Doc. 1. ¶ 9. The arbitrator issued an award for District Council on May 17, 2023. *See* Doc. 1-4.

The arbitrator concluded that South Island should: (1) pay $105 to Palucci less statutory deductions and pay $93.83 to the District Council Funds on behalf of Palucci; (2) lose the privilege of using the conditional two-person rule set out in CBA Article VI, Section 2(b); (3) pay $9,654.84 to District Council; and (4) pay arbitrator $2,100. Doc. 1. ¶ 11; *see also* Doc. 1-4 at 3–6.

### D. This Action

As of June 14, 2023, South Island has not paid any part of the arbitration award. *Id.* ¶ 14. On that date, District Council commenced this action to confirm the award. Doc. 1. An electronic summons was issued for South Island on June 15, 2023. Doc. 4. The summons was returned executed on July 7, 2023. Doc. 5. A certificate of default was entered against South Island on July 28, 2023. Doc. 9. District Council filed a proposed order to show cause and a proposed default judgment order on August 2, 2023. Docs. 10, 12. On October 27, 2023, the Court ruled that the two proposed orders would not be issued but their petition to confirm the arbitration would be treated "as an unopposed motion for summary judgment." Doc. 14.

## II. LEGAL STANDARD

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award—even if it

disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *see also Trustees for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record." (citation omitted)). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted). "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998). The Court must "construe the facts in the light most favorable to the non-moving party and

4

must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III.    DISCUSSION

The Court finds that there is sufficient justification for this award. *See Landy*, 954 F.2d at 797. The CBA provides that the arbitrator "shall have the right to conduct an ex-parte hearing in the event of the failure of either party to be present at the time and place designated for the arbitration [] and shall have the power to render a decision based on the testimony before him at such hearing." Doc. 1-1 at 6.

In this case, the arbitrator concluded that South Island failed to comply with the terms of CBA for the jobs at: (1) 299 Park Avenue in New York City, by failing to issue a check to Palucci until two weeks after his last day of employment; (2) 1155 6th Avenue in New York City, by failing to notify District Council of the start of this job; and (3) 611 5th Avenue in New York City, by failing to notify District Council of the start of this job and by failing to request a shop steward for this job. Doc. 1-4 at 5. Consistent with the CBA, the arbitrator ordered South Island to pay Palucci $105, District Council $93.83 on behalf of Palucci, and District Council $9,654.84. Doc. 1 at 3. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Systems, Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

An arbitrator's fee may be properly awarded in the judgment to confirm the award if (1) an arbitrator directs both parties to split the arbitrator fee pursuant to the CBA; (2) the arbitrator specifies the amount to be paid by each party in the award; (3) the employer fails to pay its share; and (4) the petition to confirm the award requests payment of the employer's unpaid share of the arbitrator's fee. *See New York City Dist. Council of*

5

*Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 352 (E.D.N.Y. 2018). Here, all four elements are met. The arbitrator directed District Council and South Island to equally bear half the arbitration fee of $4,200, i.e. $2,100 for each party, pursuant to the CBA Section 3(c). Doc. 1-1 at 7; Doc. 1-4 at 6. As of June 14, 2023, South Island failed to pay the arbitrator's fee. Doc. 1 at 4.

The Court also finds an award of attorney fees and costs appropriate. South Island has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorney[] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trustees of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) (collecting cases)).

Lydia Angela Sigelakis, of the law firm Spivak Lipton LLP, counsel for District Council, billed at a rate of $300 per hour for 6.4 hours. *See* Doc. 11-5. The Court find this rate reasonable. *See, e.g.*, *New York City & Vicinity Dist. Council of Carpenters v. Vardaris Tech Inc.*, No. 16 Civ 6428 (DLI) (ST), 2018 WL 2050590, at *4 (E.D.N.Y. Jan. 3, 2018) (awarding $250 hourly rate for Sigelakis); *see also Konits v. Karahalis*, 409 F. App'x 418, 422 (2d Cir. 2011) (summary order) (affirming holding that prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300–$400 per hour). The Court concludes that the time billed on this action—6.4 hours—was reasonable as well. *See* Doc. 11-5; *see also New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 1:16 Civ 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (concluding that the 9.2 hours Sigelakis expended in an arbitration confirmation for summary judgment was reasonable).

And the Court will grant the $672.93 in legal costs requested by District Council, including: (1) $402 in filing fee; (2) $254 in process server fees; and (3) $16.93 in UPS

6

fees.  Doc. 11-7.  Doc. 11-7; *see Unite Here Retirement Fund v. P.D. 33 St. Corp.*, No. 19 Civ 3855 (JGK), 2020 WL 6585850, at *5 (S.D.N.Y. Nov. 10, 2020) (finding $400 in filing fees and $987 in processing fees reasonable).

Finally, the Court grants postjudgment interest on the award pursuant to 28 U.S.C. § 1961(a).  *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.").

### IV.     CONCLUSION

For the foregoing reasons, the petition to confirm the award is GRANTED.  The Clerk of Court is respectfully directed to enter judgment in favor of District Council in the amount of $14,546.6, consisting of:  (i) $9,853.67 in arbitration award; (ii) $2,100 in arbitrator's fee; (iii) $1,920 in attorney fees; and (iii) $672.93 in costs.  Postjudgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.  The Clerk of Court is also respectfully directed to close the case.


It is SO ORDERED.


Dated:   August 26, 2024
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.